United States District Court
Southern District of Texas
**ENTERED**
February 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROMAN SORIA RESENDIZ, §
 §
　Petitioner, §
 §
VS. § CIVIL ACTION NO. 4:25-CV-06066
 §
KRISTI NOEM, *et al.*, §
 §
　Respondents. §

## ORDER OF DISMISSAL

The petitioner, Roman Soria Resendiz, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. Respondents have filed a motion for summary judgment (Doc. No. 8), to which petitioner has filed a response in opposition (Doc. No. 12).

The undisputed facts in the record show that Petitioner is a noncitizen who entered the United States without inspection. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. His arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's recent panel decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.
2. Respondents' motion for summary judgment (Doc. No. 8) is **GRANTED**.
3. This case is **DISMISSED without prejudice**.
4. All other pending motions, if any, are **DENIED as MOOT**.
5. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to this Order or to the panel decision in *Buenrostro-Mendez v. Bondi*, *supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

SIGNED this ___13th___ day of February 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE